J-S24033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVEN A. GARDNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON B. KAMER | : | No. 6 WDA 2021 |

Appeal from the Order Entered November 17, 2020
In the Court of Common Pleas of Butler County Civil Division at No(s):
AD 07-10732

BEFORE:    DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: SEPTEMBER 16, 2021**

Appellant, Steven A. Gardner, appeals *pro se* from the order entered in the Court of Common Pleas of Butler County granting Appellee/Defendant Jason B. Kamer's Motion for Summary Judgment and dismissing Appellant Gardner's action seeking title to real property and damages for breach of contract.  We affirm.

The trial court sets forth the pertinent facts and procedural history as follows:

> In 1992, Plaintiff [hereinafter, "Gardner"] and Dale M. Ruediger (hereinafter referred to as "Ruediger") entered into an agreement regarding the sale of two parcels of land in Cabot, Pennsylvania, to wit, . . . a 50' x 125' lot . . . and [a parcel consisting of] 6.55 acres, located on Railroad Street (collectively referred to as "the Property").  Amended Complaint, 8/11/2017, at ¶ 1.  Gardner agreed to pay $2,000.00 down and $200.00 per year for a period

_____

[*] Former Justice specially assigned to the Superior Court.

of 10 years to purchase the Property. *Id*. at ¶ 2. Gardner also agreed to pay the yearly land taxes. *Id*.

In 1994, Gardner moved to the property and placed his three (3) trailers and two (2) trucks on the property, installed electric, telephone and water service and hooked into the existing sewage system. *Id*. at ¶ 3. Gardner also placed other personal property in the housing, on the land, and within a shed on the land. *Id*. Gardner's personal property included tools, clothes, furniture, appliances and sporting goods. *Id*.

In 1995, Gardner was convicted of first degree murder and sentenced to life imprisonment. *Id*. at ¶ 4 . . . . Upon incarceration, Gardner ceased payment of property taxes as well as payments to Ruediger. Amended Complaint, at ¶ 6; Amended Complaint, Exhibit 3; Plaintiff's Brief in Response to Motion for Summary Judgment at 7.

At EQ 2000-50029, on August 28, 2000, Gardner filed a document in the nature of a Complaint in Equity captioned: Injunction to Protect; Property, Land and Evidence, Habeas Corpus ad Testificandum. On January 4, 2002, a Decree Nisi was entered at EQ 2000-50029 which denied the injunction and became a Final Decree thirty (30) days thereafter.

On August 1, 2001, at the Magisterial District Court, default judgment was entered for Ruediger and against Gardner in the amount of $8,093.50 for removal of Gardner's personal property form the Property. See A.D. 2001-10833.

On May 16, 2005, Ruediger conveyed the Property to Defendant [Kamer] in consideration of the sum of $29,000.00, and the Deed was recorded on May 18, 2005, at Instrument No. 200505180012595 of the Butler County Recorder's Office . Amended Complaint at ¶ 10 Exhibit 11. A title insurance policy on the Property was issued to Defendant [Kamer] on May 18, 2005. Response to Second Amended Complaint and New Matter, 9/05/2017, Exhibit B.

At Docket No. A.D. 2006-10047, on January 17, 2006, the Court of Common Pleas of Butler County denied Gardner's Motion for Preliminary Injunction, Temporary Restraining Order, and Motion to Devoid, Rescind, Strike, and Nullify Recently Transacted Indenture/Transfer on January 25, 2008.

. . .

This action commenced upon Gardner filing a Complaint in Civil Action on May 9, 2007, naming Ruediger and Kamer as Defendants. The Honorable Marilyn J. Horan was the judge originally assigned to the case.

The Complaint was reinstated on August 21, 2007. After almost two years of inactivity, on September 18, 2009, Gardner filed a Statement of Intention to Proceed.

Following another period of inactivity, a Statement of Intention to Proceed was again filed on February 9, 2016 and the Complaint was reinstated. On May 17, 2016, the court denied a Motion to Dismiss pursuant to Pa.R.C.P. 233.1, filed on behalf of Defendant Ruediger. However, in an Order of Court dated December 6, 2016, the court granted Defendant Ruediger's Motion for Summary Judgment and dismissed all Gardner's claims against Ruediger with prejudice because all applicable statutes of limitation expired. The court afforded Gardner leave to file an Amended Complaint against Defendant Kamer.

An Amended Complaint was filed on January 9, 2017. In an Order of Court entered on March 29, 2017, the court denied Kamer's Motion for Judgment of Non Pros.

A second Amended Complaint was filed on April 12, 2017. An Order of Court entered July 24, 2017, addressing Preliminary Objections, dismissed all claims in Gardner's Second Amended Complaint, and afforded Gardner the opportunity to file a Third Amended Complaint.

Gardner's third Amended Complaint was filed on August 11, 2017. A Response and New Matter were filed by Kamer on September 5, 2017.

This case was assigned to the Honorable Thomas J. in October, 2018. After over two years of inactivity, a Statement of Intention to Proceed was filed by Gardner on November 21, 2019. Following a Status Conference on February 14, 2020, the court directed that the parties take the appropriate actions in accordance with the Rules of Civil Procedure to move the case forward.

- 3 -

Kamer filed a Motion for Summary Judgment and Brief in Support on July 2, 2020. On August 26, 2020, Gardner filed a Response and Brief in Response. Oral Argument was held on October 6, 2020, with Gardner appearing *pro se* via video conference and Attorney Coyer appearing on behalf of Kamer.

Following Oral Argument, this matter was taken under advisement by the court. Gardner filed an Addendum to his Arguments on October 16, 2020. [The court, however,] did not consider the Addendum to Gardner's Arguments, filed on October 16, 2020, as it was received untimely.

TCO, 11/16/20, at 1-5.

On November 16, 2020, the court issued its Memorandum Opinion and Order granting Kamer's Motion for Summary Judgment and dismissing Gardner's Second Amended Complaint, with prejudice. Specifically, the court first determined that Defendant Kamer was a bona fide purchaser for value for purposes of Pennsylvania's recording statute, 21 P.S. § 351, as he did not have actual or constructive notice of any prior equitable interest in the property and paid $29,000.00, thereby fulfilling the requirement of giving value for the land.

In making this finding, the court observed:

It is undisputed that, at the time of the conveyance of the Property to Kamer, there was not a deed, conveyance, contract, or other instrument of writing recorded with the Butler County recorder of deeds wherein there was the intention of Ruediger selling or conveying the land to Gardner. Moreover, no written contract between Ruediger and Gardner was ever produced in this action.

Kamer performed due diligence by having a title search conducted on the Property prior to the conveyance. The title search did not reveal any defects or encumbrances on the title. Although there was prior litigation concerning the property, the actions . . . were concluded prior to the conveyance of the Property to Kamer. Whether or not a shed was on the Property at the time of

- 4 -

conveyance is irrelevant because existence of the same does not equate to actual or constructive notice of a prior equitable interest.

TCO, at 7.

The second finding informing the court's determination was that Gardner could not enforce his claim against Kamer's title to the Property under the Statute of Frauds where Gardner could produce neither a written agreement as required under the statute nor an applicable exception to this requirement.

The court noted Gardner's references to written instruments recording a schedule of payments made and endorsed checks, and understood them to be in the nature of an article of agreement or lease with an option to purchase with a portion of each rent payment reducing the outstanding balance of the purchase price. It concluded, however, that even when accepting them as true for the sake of argument, Gardner not only never brought the purchase agreement to completion, he also had neither made any payment under the alleged agreement since 1995 nor been in possession of the property since his incarceration in 1995.

To Gardner's claim that the Property was clearly not vacant due to the presence of a utility shed, a shed serving as a pumphouse for a well, and utility entrances on a service pole on the property, the court responded that Ruediger had removed all Gardner's personal property from the Property in 2001, and possession of the property for the past 25 years is not established by the presence of such items. As such, the court concluded, the Statute of Frauds applies, without applicable exception, to bar Gardner's claim to title.

The court's third basis for granting summary judgment in favor of Kamer was the unenforceability of Gardner's personal property claims under the applicable statute of limitations. There is a two-year limitations period on actions "for taking, detaining or injuring personal property, including actions for specific recovery thereof." 42 Pa.C.S.A. § 5524. On August 1, 2001, the Magisterial District Court entered a default judgment for $8,093.50 in favor of Ruediger and against Gardner for removal of Gardner's personal property from the Property. The court noted that the present action did not commence until over six years later, on May 9, 2007 and was therefore time-barred.

Finally, the court addressed Kamer's position that there was no factual basis for Gardner's breach of contract claim in the amount of $50,000.00 against Kamer because Kamer was not a party to any agreement between Ruediger and Gardner and, therefore, may not be held liable for damages arising from a breach of such agreement.

Accordingly, consistent with its Memorandum Opinion and Order, the lower court entered Judgment for Kamer on November 17, 2020. This *pro se* appeal followed, in which Gardner presents the following questions for this Court's consideration:

1. Was it Trial Court error to rule that Plt.'s Addendum to Plaintiff's Arguments concerning the October 6, 2020 hearing was filed untimely?

2. As Plaintiff has sufficient showings that a genuine dispute of material facts exists on Plaintiff's Property Claim/Land Rights to the 'Property-In-Dispute', was it Trial Court error to Dismiss

Plaintiff's Amended Complaint W/Exhibits in support, and to grant the Defendant a summary judgment in def.'s favor?

3. As the Trial Court and Defendant WAIVED upon an issue(s) that might arise within Appellee's Briefs, after this Appellant's review; would it be appropriate for Appellant to further respond to this Appellate Court; [I]f the known about issue(s) arises?

Appellant's brief, at 4 (verbatim).

Our standard of review of an order granting or denying a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Good v. Frankie & Eddie's Hanover Inn, LLP,* 171 A.3d 792, 795 (Pa. Super. 2017) (citing *Hall v. CNX Gas Co., LLC,* 137 A.3d 597, 601 (Pa. Super. 2016) (citation omitted)).

Upon review of Gardner's brief, we construe his issues to coalesce into the argument that his wrongful conviction of first-degree murder, which rendered him unable to continue payments under his written agreement with Ruediger, qualifies as an "unforeseen event" under the agreement with Ruediger that may not be used to initiate default proceedings against him. It follows under his logic that all subsequent rulings culminating with the judgment at issue in the present appeal are invalid. We disagree.

Specifically, Gardner begins by arguing against the trial court's finding that his "Addendum to Argument," which the court received on October 16, 2020 ten days after the hearing on Kamer's Motion for Summary Judgment, was untimely. Gardner maintains that at the conclusion of the October 6, 2020 hearing, the court advised him, "If you have anything further, forward it to this Court immediately." Appellant's brief, at 9. Gardner avers he delivered his "Addendum to Argument" to prison authorities on October 9, 2020, and the lower court received his Addendum on October 16, 2020.

Under the prisoner mailbox rule, he maintains, his Addendum should have been credited as received by the court on October 9, 2020, just three days after the hearing. Nevertheless, the court indicated in its Opinion and Order of November 16, 2020, that it declined to accept the Addendum for reasons of untimeliness.

According to Gardner, the purpose of his Addendum was to "bring[] pertinent factors addressing the fact that [Kamer's] own EXHIBITS clearly show that a perpetrated FRAUDULENT CONVEYANCE took place between [Kamer's] Predecessor-in-Deed; Dale M. Ruediger and Defendant; Jason Kamer. The Addendum also contains a (possible) SETTLEMENT that could appease both parties involved (i.e. Pa.R.C.P. Rule 1560, Partition of Land)." Appellant's brief, at 9.

We discern no reason to disturb the lower court's ruling in this regard. While Gardner attempts to substantiate his allegation with an explanation of what these "pertinent factors" are and how Kamer's exhibits "clearly show"

that the conveyance between Ruediger and Kamer was fraudulent, he fails to explain how he was precluded from offering his insights into Kamer's exhibits at the hearing, nor does he make a plausible case that he incurred prejudice as a result of the court's ruling.

Indeed, Gardner's core argument with respect to Kamer's exhibits is that they contain the 1992 agreement between Ruediger and himself which includes the stipulation that Gardner, the buyer, cannot be deemed to have reneged or defaulted on the deal "if it's for some reason(s) that [Gardner] (the buyer) can't foresee or that I don't have any control over."

Gardner contends his sentence of life imprisonment comes within the scope of this clause as he neither foresaw nor had any control over his attacker's attempts to kill him and, therefore, was justified in protecting himself by a self-defense shooting in his own residence. Because, he says, the jury wrongfully found him guilty, the terms of the agreement preclude finding him in default, such that he retains rightful title under the agreement. Appellant's brief, at 10-11.

It is the continued existence and enforceability of this agreement, therefore, that strips Kamer of his status as a bona fide purchaser of the Property, Gardner argues. Moreover, Gardner devotes the remainder of his brief to relitigating the significance of various rulings of the courts from 2001 to the present, and he comes to the conclusion that Ruediger was barred from selling the Property to Kamer.

We reject in its entirety Gardner's absurd theory that his conviction for first-degree murder—and the consequential inability to maintain payments on the Property—was an unforeseeable event under terms of the agreement that preclude entering default judgment against him. It follows that Gardner may not defeat Kamer's status as a bona fide purchaser by claiming the enforceability of this agreement. In all other respects, to the extent Gardner argues Kamer had actual or constructive notice of Gardner's rights, we concur with the lower court's rationale and conclusion, discussed *supra*, discrediting these arguments.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2021